# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:14-cv-1231-Orl-18DAB**

**KATHRYN M. HANCOCK,**

       **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST KATHRYN M. HANCOCK (Doc. 11)**
>
> **FILED:**　**November 11, 2014**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

On July 30, 2014, the United States, on behalf of the Department of Education (the "Department"), sued Defendant Kathryn M. **Hancock** for defaulting on a student loan. Doc. 1. The Department obtained the entry of Clerk's default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) on September 9, 2014, when Defendant failed to file an answer. Doc. 7. The Department moved for a default judgment for amounts owed under the "Master Promissory Note," which showed the borrower as Kathryn M. Kindred, and not Kathryn M. Hancock[1] (Doc. 8 at 10), thus the Court denied the Motion without prejudice to reassertion with evidence the individual named

---

[1] An individual named Kathryn M. Hancock had been served with the Complaint. Doc. 5.

Kathryn M. Hancock is the same individual, Kathryn M. Kindred, who signed the Master Promissory Note.

The Department has now refiled its Motion for Default Judgment (Doc. 11) along with an Affidavit of Identity from its counsel. Doc. 11 at 11. The Affidavit states that Mr. David "conducted a diligent search and inquiry of Public Records" based on which he confirms that "the signature on the Promissory Note and the debt described therein belong" to the Defendant, Kathryn M. Hancock, also known as Kathryn M. Kindred. *Id*. "The Department of Education records also reflect that the Defendant and the debtor are the same" and the true and correct residence of the above-named Defendant is 1608 Gayle Ridge Drive, Apopka, FL 32703." *Id*.

The Court finds that Defendant's failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. *Art Schmidlin v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008) (citing *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

The Department has submitted a declaration in support of a Certificate of Indebtedness of Kathryn M. Hancock a/k/a Kathryn M. Kindred, prepared by a Department Loan Analyst, Peter LaRoche on May 23, 2014, and submitted on behalf of the Department. Doc. 11 at 6, 14. As of September 15, 2014, there is due and owing to the Department from Defendant the sum of $6,216.08 consisting of $3,764.88 in unpaid principal, plus $1,396.20 in accrued interest at the rate of 2.47% from April 27, 2011 through September 15, 2014 for Account No. 2011A61112, together with post-judgment interest at the legal rate pursuant to 28 U.S.C. § 961, costs of $35 and attorney's fees of $1,020. Doc. 11 at 6, 15.

Counsel has presented an itemized list of the services provide by his firm, and the time spent by him appears reasonable for the tasks completed. In the Promissory Note, Defendant agreed "If I fail to make any payment on any loan made under this Note when due, I will also pay reasonable

collection costs, including but not limited to attorney's fees, court costs and other fees." Doc. 11 at 10. The Department's counsel, Steven M. Davis, who is experienced in collections matters[2] spent 5.1 hours on the case, which were reasonable, at the reasonable rate of $200 per hour. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is respectfully **RECOMMENDED** that final judgment be entered in the Department's favor against Defendant Kathryn M. Hancock in the amount of $3,764.88 in unpaid principal, plus $1,396.20 in accrued interest at the rate of 2.47% from April 27, 2011 through September 15, 2014 for Account No. 2011A61112, together with post-judgment interest at the legal rate pursuant to 28 U.S.C. § 961, costs of $35 (service of process charge), and attorney's fees of $1,020, as set forth in the Proposed Default Judgment. *See* Doc. 11 at 15-16.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 11, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2]http://www.becker-poliakoff.com/sdavis (visited on December 11, 2014).